FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 8 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRYAN GARAVENTA,

                              Petitioner,

    -against-

ERIC HOLDER,

                              Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-cv-1741 (CBA)

**AMON, Chief United States District Judge.**

## INTRODUCTION

Petitioner Bryan Garaventa, *pro se*, filed this motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. Garaventa pled guilty to one count of conspiracy to interfere with voting rights in violation of 18 U.S.C. § 241 and 3551 *et seq.* for assaulting three individuals known or believed to be African-American on election night, November 4-5, 2008, in retaliation for President Barack Obama's victory. Garaventa was sentenced by this Court on September 10, 2009 to a five-year term of imprisonment. In his § 2255 motion, Garaventa claims that his plea was coerced and that the Court lacked jurisdiction over him. For the reasons stated below, the Court denies the petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner can seek post-conviction relief in cases where his sentence: "(1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). Garaventa claims without any substantiation that he is entitled to habeas relief because he "was forced under duress,

1

without prejudice, in coercion, and undue influence to plead guilty." (Petition at 1.) He further claims that this Court was without jurisdiction to enter the judgment against him because "Staten Island, New York was not ceded to the U.S. government by virtue of the enclave clause of the de jure constitution of the United States of America" or by the "property clause" of same. (*Id.* at 1-2.) Garaventa further claims that this Court lacked "common law," "admiralty," and "maritime" jurisdiction over him. (*Id.* at 2-3.) The claims are without merit.

I. *The Guilty Plea Was Knowing and Voluntary*

On January 7, 2009, Garaventa pled guilty before this Court to an information charging him with "knowingly and intentionally conspiring to injure, oppress, threaten, and intimidate African American citizens of Staten Island, New York, in the free exercise and enjoyment of" their "right to vote as recognized by the Constitution and laws of the United States" in violation of 18 U.S.C. §§ 241 and 3551 *et seq.* (*See* Information, No. 08-cr-897, D.E. #4.) At the plea allocution, Garaventa also agreed to waive indictment and allow the charges to proceed through the information. (No. 08-cr-897, D.E. #3.) Prior to accepting his plea and waiver of indictment, the Court asked Garaventa a series of questions to establish his competency and understanding of the charges and potential sentence. (Tr. of Plea Allocution, No. 12-cv-1741, D.E. #4-1 at 5-8, 14-15.) The Court also informed Garaventa that by pleading guilty on the information, he waived his rights to, *inter alia*, a grand jury indictment, trial, and appeal, as well as his right not to incriminate himself. (*Id.* at 8-13.) The Court repeatedly asked Garaventa whether his plea was knowing, voluntary, and free from coercion, and Garaventa replied in the affirmative. (*Id.* at 16.) Additionally, Garaventa entered into a written plea agreement with the government. At the plea allocution, Garaventa represented to the Court that he read and understood the terms of the

2

agreement before signing it and that the government made no promises other than those included in the agreement. (*Id.* at 13-14.)

Garaventa has not given any reason to believe that his plea was neither knowing nor voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). The claim fails.

II. *The Court Has Jurisdiction over Petitioner*

Garaventa's contention that this Court was without jurisdiction is plainly without merit. Garaventa pled guilty to a criminal information charging him with a federal crime. Pursuant to Article III of the United States Constitution, this Court retains jurisdiction over violations of federal law. Art. III, § 2 ("The judicial power shall extend to all cases, in law and equity, arising under . . . the laws of the United States.") Contrary to Garaventa's bald assertions, Staten Island is part of the State of New York and the United States of America and lies within the federal jurisdiction of the United States Court for the Eastern District of New York. As Garaventa was convicted for violations of a federal statute, his claims regarding common law, admiralty and maritime jurisdiction are entirely inapposite.

## CONCLUSION

For the foregoing reasons, Garaventa's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Since Garaventa has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
       March 8, 2013

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon /
Chief United States District Judge